IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL ALEXANDER, SR.,

                Plaintiff,

v.                                                       OPINION and ORDER

MICHAEL MEISNER, BRAD MLODZIK,                   23-cv-301-jdp
APRIL SCHULTZ, AND MR. VOSSEKUIL,

                Defendants.

---

Plaintiff Michael Alexander, Sr., appearing pro se, is incarcerated at Fox Lake Correctional Institution. Alexander alleges that he was injured after he slipped and fell on unsalted steps. He has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Alexander's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Alexander's complaint does not state any claims that this federal court can hear.

This federal court cannot hear every type of case that a plaintiff might wish to bring. *See Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the plaintiff raises a federal question or establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir.

2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Alexander doesn't state a claim under federal law. Plaintiffs often bring federal claims for violations of their constitutional rights under 42 U.S.C. § 1983. But federal courts have generally concluded that slippery surfaces, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See, e.g.*, *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) ("slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . . [T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." (citation omitted)).

Alexander perhaps understands this because he states that he is attempting to bring his claims under state law. But this court cannot exercise diversity jurisdiction over his claims because he alleges that both he and defendants are citizens of Wisconsin. Because the only claims that Alexander may bring in this case are not claims that this federal court can consider, I will dismiss the case for lack of jurisdiction. This case belongs in state court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered June 26, 2023.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge